MARGARET CLARK, APPELLANT, *v.* A. S. BARNES AND OTHERS, RESPONDENTS.

*Negligence — what acts of the employer do not constitute negligence as to a servant.*

The plaintiff was employed by the defendants to feed one of several presses which were operated by different persons. There had been a drip from the machinery of oil and water so that the floor had, as was claimed, become slippery. The plaintiff slipped, fell against the uncovered cogs of an adjoining press and was injured. The proof showed that the defendants' business was carried on in an ordinary printing office with the usual method of collecting drip.

*Held,* that the defendants were not guilty of negligence in allowing the floor to become slippery, or in leaving the cogs uncovered.

APPEAL from a judgment in favor of the defendants, entered upon an order dismissing the complaint at circuit upon the close of the evidence.

The action was brought to recover damages for personal injuries alleged to have been received through the negligence of defendants, plaintiff's employers. The testimony of the plaintiff tended to show that she was employed to feed a press; that as she stepped down from her press she slipped on the floor and fell down, thrusting her left hand against the cogs of another press and sustained the injuries complained of.

*M. L. Towns,* for the appellant.

*Stephen B. Jacobs,* for the respondents.

BARNARD, P. J.:

The right of the plaintiff to recover depends upon the condition of the floor or of the cover to the cogs of the machine by which she was hurt.

The defendants have a printing establishment. One of the presses was fed by the plaintiff. She fell while at her employment to the floor and her hand was injured by the cogs of another press. As to the question whether these cogs were covered or not at the time of the accident it is not important. The master was not bound to provide the machinery so as to guard against an accident occasioned by a cause such as is claimed to have caused this one. If the slippery floor caused the fall and the master is liable for this, he would be liable for the injury however caused. If the fall was not occasioned by an act or omission for which he is answerable, he would not be liable because the cogs of the machine, which in fact did the injury, were uncovered. There was no proof making the master liable for the accident if it was as claimed by the plaintiff.

There was a printing office with presses properly arranged. They were fed by different persons and among them one was fed by the plaintiff. There had been a drip from the machinery of water and oil so that the floor became slippery and the plaintiff fell. She had known of this drip and the employment was subject to risks known to her. The machinery, its arrangement and its management were things which the master had a right to choose, subject

only to the requirement that it be safe and in a safe place. These words do not include incidents like the drip from machinery known to the employees making the floor slippery to the extent claimed in this case. The proof shows an ordinary printing office with the usual method of collecting drip. There was no omission of proper appliances which were ordinarily used in similar offices to prevent danger. (*Crocheron* v. *North Shore S. I. Ferry Co.*, 56 N. Y., 656; *Loftus* v. *Union Ferry Co.*, 84 N. Y., 455; *Dougan* v. *Champlain Transportation Co.*, 56 N. Y., 1.)

Upon the question of fact itself the case seems to repel the plaintiff's theory. The floor was not slippery and the cause of the accident must be looked for elsewhere than from a slippery floor. When the proof leaves it doubtful whether the injury was occasioned by negligence the case is not made out.

The judgment should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment dismissing complaint affirmed, with costs.